RYAN G. WELDON
BRYAN T. DAKE
Assistant U.S. Attorneys
U.S. Attorney's Office
P.O. Box 3447
Great Falls, MT 59403
119 First Ave. North, Suite 300
Great Falls, MT 59403
Phone: (406) 761-7715
FAX: (406) 453-9973
Email: Ryan.Weldon@usdoj.gov
        Bryan.Dake@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 16-19-GF-BMM |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| vs. | (Rule 11(c)(1)(A) & (B), *Federal Rules of Criminal Procedure*) |
| ENCORE SERVICES, LLC, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, represented by Ryan G. Weldon and Bryan T. Dake, Assistant United States Attorneys for the District of Montana, and the defendant company, Encore Services, LLC, by and through its representative, Zachary Brooke Roberts,



AUSA    DEF ATTY    Date                               Page 1

and the defendant company's attorneys, Michael Pancer and Eric Henkel, have agreed upon the following:

1.  **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2.  **Charges:** The defendant company agrees to plead guilty to Counts I and V of the Second Superseding Indictment. Count I charges the crime of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 371, and Count V charges the crime of Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h). Because the defendant is a company, the offense charged in Count I of the Second Superseding Indictment carries a maximum punishment of a $500,000 fine. Count V of the Second Superseding Indictment carries a maximum punishment of a $2,400,000 fine.

The defendant company agrees to be responsible for complete restitution regardless of whether a count or counts have been dismissed as part of this plea agreement. 18 U.S.C. § 3663(a)(3). In this case, the parties agree that restitution is $2.5 million.

At the time of sentencing, if the Court accepts this plea agreement, the United States will move to dismiss Counts II-IV of the Second Superseding Indictment, the Superseding Indictment, and the Indictment.

3. **Nature of the Agreement:** The parties agree that this plea agreement will be governed by:

- Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure.* The defendant company acknowledges that the agreement will be fulfilled provided the United States: a) moves to dismiss, and the Court agrees to dismiss, Counts II-IV of the Second Superseding Indictment, the Superseding Indictment, and the Indictment referenced above; and b) makes the recommendations provided below. The defendant company understands that, if the agreement is accepted by the Court, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the parties.

4. **Admission of Guilt:** The defendant company will plead guilty because the defendant company is guilty of the charges contained in Counts I and V of the Second Superseding Indictment. In pleading guilty to Count I of the Second Superseding Indictment, the defendant company acknowledges that:

> **First,** the defendant company had an agreement between two or more persons to commit wire fraud;



**Second,** the defendant company became a member of the conspiracy knowing of at least one of its objectives and intending to accomplish it; and,

**Third,** one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

In pleading guilty to Count V of the Second Superseding Indictment, the defendant company acknowledges that:

**First,** the defendant company had an agreement between two or more persons to commit money laundering;

**Second,** the defendant company became a member of the conspiracy knowing of at least one of its objectives and intending to accomplish it; and,

**Third,** one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

5. **Waiver of Rights by Plea:**

(a) The defendant company has the right to plead not guilty or to persist in a plea of not guilty.

(b) The defendant company has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

(c) The defendant has the right to be represented by counsel.

(d) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant company, by its representative, and its defense attorneys, would have a say in who the jurors would be by removing

prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant company is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant company's guilt beyond a reasonable doubt.

(e) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant company's guilt beyond a reasonable doubt.

(f) At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant company. The defendant company would be able to confront those government witnesses and the defendant company's attorney would be able to cross-examine them. In turn, the defendant company could present witnesses and other evidence. If the witnesses for the defendant company would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(g) At a trial, there is a privilege against self-incrimination so that the defendant company could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant company could exercise the choice to testify.

_Kah_ _____ _EK_ _5/2/17_
AUSA    DEF    ATTY    Date                                                Page 5

(h) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant company would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant company to reversal of the conviction.

(i) The defendant company has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant company waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

The defendant company understands that by pleading guilty pursuant to this agreement, the defendant company is waiving all of the rights set forth in this paragraph. The defendant company's attorney has explained those rights and the consequences of waiving those rights.

6. **Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate

AUSA _____ DEF ATTY _____ Date 5/2/17 _____ Page 6

under the Guidelines. The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by this recommendation.

7.  **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8.  **Waiver of Appeal of the Sentence–General:** The defendant company understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. Based on the concessions made by the United States in this case, the defendant company knowingly waives any right to appeal the sentence and any right to bring any other post-conviction attack on the sentence. The defendant company specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking the sentence. This waiver does not prohibit the right to pursue or maintain such an action alleging ineffective assistance of counsel.

9.  **Voluntary Plea:** The defendant company and the defendant company's attorneys acknowledge that no threats, promises, or representations have been made to induce the defendant company to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

10. **Disclosure of Financial Information:** The defendant company authorizes the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the defendant company to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the defendant company through its investigation. The defendant company further agrees to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office, in order to evaluate the defendant company's ability to satisfy any financial obligation imposed by the Court.

11. **Breach:** If the defendant company breaches this plea agreement, at any time, in any way, including but not limited to appealing or collaterally attacking the conviction or sentence, the United States may prosecute the defendant company for any counts dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by the defendant company pursuant to this plea agreement in any such prosecution.

12. **Entire Agreement:** Any statements or representations made by the United States, the defendant company, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set



AUSA / DEF    ATTY    Date    5/2/17

Page 8

forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

LEIF M. JOHNSON
~~Acting~~ United States Attorney

/s/ ~~RYAN G. WELDON~~
Assistant U. S. Attorney
Date: 5/2/17

/s/
ENCORE SERVICES, LLC
Defendant Company
By: Zachary Brooke Roberts, MANAGER
Date: 5/2/17

/s/
~~MICHAEL PANCER~~ Eric Henkel
Defense Counsel
Date: 5/2/17